

# THE ATTORNEY GENERAL
## OF TEXAS

**Gerald C. Mann**

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. C. Woodrow Laughlin
County Attorney
Jim Wells County
Alice, Texas

Opinion No. O-5606
Re: Whether a justice of the peace must qualify as a notary public under Article 5949, Vernon's Annotated Civil Statutes, before he is authorized to take acknowledgments in the State of Texas.

Dear Sir:

Your letter of November 3, 1943, requesting the opinion of this department on the question stated therein, reads, in part, as follows:

"I submit herewith for your opinion the following question; to-wit:

"Does Article 5949, Revised Civil Statutes of Texas, as amended 1943, repeal Article 2376, Revised Civil Statutes of Texas? In other words, must a justice of the peace qualify as a notary public before he is authorized to take acknowledgments in this State?

"Article 2376, Revised Civil Statutes of Texas, 1925, provides that 'Each justice of the peace shall be commissioned as justice of the peace of his precinct and ex-officio notary public of his county.' In the footnote following Article 5949, as amended 1943, the following language is used. 'Section 2 of the Amendatory Act of 1943 repealed Articles 5950-5953 and all conflicting laws and parts of laws.'

"In view of the above and foregoing clauses, it is the opinion of this office that subsequent to May 12, 1943, a justice of the peace must qualify as any other notary public and that unless he has qualified as provided in Article 5949 as amended, he does not have the authority to take acknowledgements in this State."

Section 19, Article 5 of the State Constitution, provides, in part, as follows:

"*** All the justices of the peace shall be ex-officio notaries public.* * *"

Article 2376, Vernon's Annotated Civil Statutes, provides:

"Each justice of the peace shall be commissioned as justice of the peace of his precinct and ex-officio notary public of his county."

Senate Bill No. 335, Acts of the 48th Legislature, Regular Session, 1943, is a comprehensive act authorizing the appointment of notaries public, providing the qualifications of notaries public, requiring bond and setting forth said duties of notaries public, etc., and known and cited as the "Notary Public Act of 1943." Section 2 of said Act expressly provides:

"Articles 5950, 5951, 5952 and 5953, Vernon's Civil Statutes of 1925 being Acts of 1881, page 84, Sections 12, 13, 14 and 2, respectively, are hereby expressly repealed, and all of the laws or parts of laws in conflict herewith are hereby repealed."

It is our opinion that said Senate Bill No. 335 does not repeal Article 2376, Vernon's Annotated Civil Statutes. It is our further opinion, and you are so advised, that a justice of the peace is not, under the law, required to also take the oath and give the bond required of notaries public.

In Conference Opinion No. 1333, this department held (December 7, 1914) that a justice of the peace is not required to also take the oath and give the bond required of notaries public.

On January 30, 1915, in another Conference Opinion reported in Attorney General's Opinions, Vol. 43, page 18, it was held, among other things:

"*** In a former opinion rendered by this department in discussing the constitutional provision and the various statutory enactments relative to the justice of the peace, it was held that it was not necessary for a justice of the peace to subscribe to the oath and execute the bond required of a notary public. This opinion is based upon the reason that a justice of the peace may exercise all the powers of a notary public under the statutes by reason of his qualification as justice of the peace, and that the powers of a notary public are conferred upon him by reason of his office. ***"

On May 12, 1915, this department held in a Conference Opinion, reported in the Report and Opinions of the Attorney General of Texas, 1914-1916, page 505:

"*** A justice of the peace is not, under the law, required to also take the oath and give the bond required of notaries public.  Under the Constitution a justice of the peace is entitled to hold the office of notary public ex-officio, or, without any other warrant or appointment than that resulting from the holding of the office of justice of the peace. ***"

Former statutes of this State required the justice of the peace as ex-officio notary public of his county to take the oath of office prescribed by the Constitution and give the bond elsewhere prescribed for notaries public.  (See Article 1535, R.S., 1879; Article 1564, R.S., 1895; Art. 2287, R.S. 1911)  However, it will be noted that the present statute, Article 2376, supra, does not require a justice of the peace to take the oath or execute a bond as was required by the fore-going statutes.

As heretofore stated, it is our opinion, that Senate Bill No. 335, supra, does not change or alter the law relative to justices of the peace who are also ex-officio notaries public of their counties.

Yours very truly

ATTORNEY GENERAL OF TEXAS
By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED NOV 10, 1943
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

AW:EP:wb